**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 16-230-DLB-CJS

LOUIS RANIERO                                                                                                       PLAINTIFF

V.                       **MEMORANDUM OPINION & ORDER**

UPS GROUND FREIGHT, INC., et al.                                         DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Riyadh Adbulhaleem seeks dismissal of Plaintiff Louis Ranieros' claims against him because service was not executed upon him within ninety days of the Complaint being filed, as required by Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. # 12). The Motion to Dismiss is fully briefed (Docs. # 14 and 17), and ripe for the Court's review. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. For the reasons that follow, Defendant's Motion to Dismiss is granted.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This personal-injury action was filed on November 7, 2016 in Boone County Circuit Court. (Doc. # 1-1 at 2). It was subsequently removed to this Court on December 28, 2016. (Doc. # 1). Defendant UPS Ground Freight, Inc. ("UPS") was served on November 28, 2016. (Doc. # 14 at 2). Defendant Riyadh Adbulhaleem filed a Motion to Dismiss on July 13, 2017, and at that time, had not yet been served. (Doc. # 12-1 at 1). Plaintiff listed an incorrect address for Defendant Adbulhaleem on the original summons issued in state court, but was alerted of that mistake multiple times. *Id.* at 2. Defendant UPS provided Defendant Adbulhaleem's correct address in its Notice of Removal filed on

1

December 28, 2016. *Id.* Plaintiff was again alerted of the address error during the Rule 26(f) planning meeting. *Id.* at 2-3. In the parties' Joint Rule 26(f) Report, Plaintiff agreed to re-serve Defendant at the correct address. *Id.* at 3. Approximately one month later, Plaintiff requested and was issued a new summons for Defendant listing his correct address. *Id.* However, despite the issuance of the new summons, Defendant was not served until July 19, 2017—six days after Defendant filed the instant Motion to Dismiss. (Doc. # 14 at 1). In sum, nearly 254 days passed between the filing of Plaintiff's Complaint and the date Plaintiff accomplished service. (Doc. # 17 at 1-2).

## II. ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure requires a defendant to be served "within ninety (90) days after the complaint is filed." If a defendant is not served within that period, the Rule further provides that:

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for the appropriate period.

Fed. R. Civ. P. 4(m). The first sentence of Rule 4(m) "gives the Court discretion to dismiss the action or allow Plaintiffs additional time." *Bradford v. Bracken Cty.,* 767 F. Supp. 2d 740, 753 (2011). The second sentence "eliminates the Court's discretion where good cause is shown." *Id.* Thus, the Court must first determine whether there is good cause for Plaintiff's failure to timely execute service. *Id.* If not, the Court must determine, in its discretion, whether to dismiss the action or allow Plaintiff additional time to execute service. *Id.* Plaintiff bears the burden of showing good cause under Rule 4(m). *Id.* (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)).

Plaintiff argues that the failure to serve the summons on Defendant Adbulhaleem after being informed of the correct address was "excusable neglect." (Doc. # 14 at 4). Plaintiff further asserts that "his honest efforts at service show the requisite good cause." *Id.* Should the Court disagree, Plaintiff contends that the proper remedy is to extend the deadline, as courts have discretion to do when no good cause has been shown. *Id.* According to Plaintiff, extending the deadline will resolve the issue because Defendant has now been served. *Id.* Plaintiff further asserts that Defendant Adbulhaleem has not been prejudiced by the delay because he was aware of the action despite not having been served. *Id.* On the other hand, Plaintiff argues that by dismissing the case, there will be prejudice to Plaintiff because the statute of limitations has now expired, leaving Plaintiff unable to refile against Defendant. *Id.* Plaintiff's arguments are unpersuasive and unsupported by established precedent.

Rule 4(m) does not define good cause, but the Sixth Circuit has required "at least excusable neglect." *Stewart v. Tenn. Valley Auth.*, 238 F.3d. 424, 2000 WL 1785749, at *1 (6th Cir. 2000). The "excusable neglect standard" is strict and can only be met in extraordinary cases. *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). In assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable." *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)). Plaintiff has failed to show good cause, excusable neglect, or a legitimate reason for why this Court should exercise its discretion and allow for an extension of time.

In Plaintiff's own words, the "delay was not intentional or dilatory; Plaintiff simply inadvertently failed to have the new summons served once it was issued." (Doc. # 14 at 3). Plaintiff admits that it was not until Defendant filed the Motion to Dismiss that "Plaintiff realized the error, and immediately moved to serve the Defendant at the given address." *Id.* The Court finds nothing compelling about these circumstances that would warrant excusing Plaintiff's failure to comply with the time limits imposed by Rule 4(m). In fact, in in *DeLong v. Arms,* 251 F.R.D. 253, 255 (E.D. Ky. 2008), the court determined that "mere oversight" was not sufficient to constitute good cause to extend the time for service of process. Thus, Plaintiff's "mere oversight" in failing to execute the summons is neither good cause nor excusable neglect and the Court finds no reason to exercise its discretion and allow an extension of time for service.

Lastly, Plaintiff's argument that he will prejudiced by Defendant's dismissal is not compelling. Rule 4(m) requires dismissal without prejudice, but because the statute of limitations has expired for Plaintiff's claim, dismissal will be in effect, with prejudice since Plaintiff will be precluded from filing a new action against Defendant. *Petty v. Cty. of Franklin, Ohio,* 478 F.3d 341, 346 (6th Cir. 2007). This distinction is insufficient to warrant exercise of the Court's discretion. Courts in this district have held that "merely being time-barred from refiling an action is not, on its own, necessarily a compelling reason to extend the time to execute service." *Bradford v. Bracken Cty.,* 767 F. Supp. 2d 740, 753 (E.D. Ky. 2011); *see also DeLong v. Arms,* 251 F.R.D. at 255 (E.D. Ky. 2008) (holding the same). Therefore, Plaintiff's claims against Defendant Adbulhaleem are dismissed pursuant to Rule 12(b)(6) and for failure to comply with Rule 4(m).

### III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Defendant Abdulhaleem's motion to dismiss (Doc. # 12) is **granted**, and Plaintiff's claims against Defendant Adbulhaleem are **dismissed.**

This 3nd day of November, 2017.



K:\DATA\ORDERS\Cov16\16-230 Order granting DE 12.docx